IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PHILIP JOE EASTUP, 1329506, )
       Petitioner, )
        )
v. ) No. 3:09-CV-151-K
        )
RICK THALER, Director, Texas )
Dept. Of Criminal Justice, Correctional )
Institutions Division, )
       Respondent. )

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Rick Thaler, Director of TDCJ-CID.

**II. Background**

On July 28, 2005, Petitioner pled guilty to felony DWI enhanced. *State of Texas v. Philip Joe Eastup*, No. 22,759 (196th Dist. Ct., Hunt County, Tex., Jul. 28, 2005). Pursuant to a plea agreement, Petitioner was sentenced to twenty-five years confinement. Petitioner did not appeal his conviction.

On August 5, 2008, Petitioner filed a state petition for writ of habeas corpus. *Ex parte*

*Eastep*, No. 69,033-03. On October 8, 2008, the Court of Criminal Appeals denied the petition without written order.

On January 15, 2009, Petitioner filed this federal petition for habeas relief. He argues: (1) there was no evidence to support the habitual offender enhancement; (2) he was denied due process because the same convictions that were used for the primary offense were also used for the enhancement; and (3) he was denied due process because the trial evidence did not prove the dates he committed the prior offenses. On April 23, 2009, Respondent filed a preliminary response arguing that the petition is barred by limitations. On May 18, 2009, Petitioner filed a reply. The Court now finds the petition should be dismissed as time-barred.

## III.  Discussion

### A.      Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)     the date on which the impediment to filing an

This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

Petitioner was convicted on July 28, 2005. He did not appeal his conviction. His conviction therefore became final thirty days later on Monday, August 29, 2005. *See* Tex. R. App. P. 26.2; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until August 29, 2006, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner, however, did not file his state petition until August 5, 2008. This petitioner was filed after the one-year limitations period expired, and it therefore did not toll the limitations period.

Petitioner was required to file his federal habeas petition by August 29, 2006. He did not

---

application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

file his petition until January 15, 2009. His claims are therefore untimely.

**B.      Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner argues he is entitled to equitable tolling because he is actually innocent and the criminal judgment is void. Actual innocence claims, however, do not support equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). A challenge to the merits of his conviction also does not support equitable tolling. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 8th day of June, 2011.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).